**Electronically Filed
Intermediate Court of Appeals
29939
25-AUG-2011
08:25 AM**

NO. 29939

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL C. TIERNEY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CRIMINAL CASE NO. 1P108-06561)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Michael C. Tierney ("Tierney") appeals from the Notice of Entry of Judgment and/or Order ("Judgment") entered on November 18, 2008, in the District Court of the First Circuit, Honolulu Division ("district court").[1] Tierney was convicted of promoting a detrimental drug in the third degree in violation of Hawaii Revised Statutes ("HRS") § 712-1249 (1993).[2]

On appeal, Tierney contends that the district court erred in (1) finding him fit to proceed to trial, and (2) allowing him to proceed *pro se*.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Russell Nagata presided over the trial and sentencing.

[2]
     (1) A person commits the offense of promoting a detrimental drug in the third degree if the person knowingly possesses any marijuana or any Schedule V substance in any amount.

     (2) Promoting a detrimental drug in the third degree is a petty misdemeanor.

HAW. REV. STAT. § 712-1249 (1993).

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm the district court's Judgment and address Tierney's points of error as follows:

(1) The district court did not abuse its discretion when it determined that Tierney was fit to proceed with trial.[3/] The district court twice suspended proceedings for a physical and mental examination of Tierney under HRS chapter 704.[4/]

Although Tierney refused to cooperate and thus prevented the court-appointed psychologist from completing the evaluations,[5/] Tierney had an extended colloquy with Judge Lee at the August 19, 2008 hearing, which provided a reasonable basis for the district court's conclusion that Tierney was fit to proceed to trial. Tierney affirmed that he understood the charges against him, the maximum penalties associated with being found guilty of promoting a detrimental drug in the third degree, the State's burden of proof, that he had the right to remain silent at trial and that the district court could not infer guilt from his silence, and that he had a right to an attorney. Tierney further stated that his mind was clear, he was not under the influence of drugs, and he was making his decisions voluntarily. Based on all these factors, the district court concluded that Tierney was fit for trial.

In light of the court-appointed psychologist's observations that Tierney was being housed with the general prison population, that he had no psychiatric contacts in prison, and that according to an adult correctional officer with whom the

---

[3/]    The Honorable Lono J. Lee presided over the August 19, 2008 competency hearing, at which time Judge Lee found Tierney fit to proceed and entered the Order Resuming Proceedings After Fitness Examination Under Chapter 704.

[4/]    The Honorable Paula Devens presided over the June 20, 2008 proceedings, during which Tierney informed the court, for the second time, that he wished to represent himself. Judge Devens ordered a one-panel evaluation of Tierney's fitness. On July 18, 2008, Judge Lee presided over the fitness hearing, and noted that Tierney had not cooperated with the conduct of the evaluation. Judge Lee further suspended the proceedings to complete Tierney's fitness assessment.

[5/]    The inability of the psychologist to complete the examination due to Tierney's unwillingness to participate does not prevent the district court from reaching its own conclusion. HAW. REV. STAT. §§ 704-404(5) and 704-405(7).

2

psychologist communicated, Tierney was not a management problem in prison; Tierney's age, education, and experience with the judicial system; the relative lack of complexity associated with the case and the charge; and the district court's conclusion that Tierney appeared to be of sound mind; the district court did not abuse its discretion in finding Tierney fit to proceed to trial.

(2) The district court did not plainly err in finding that Tierney knowingly, intelligently and voluntarily waived his right to counsel.[6] *State v. Dickson*, 4 Haw. App. 614, 618, 673 P.2d 1036, 1041 (1983). As Tierney argued repeatedly to the district court, the constitution does not force a lawyer upon a defendant. *Faretta v. California*, 422 U.S. 806, 835-36 (1975) (where the defendant "was literate, competent, and understanding, and . . . was voluntarily exercising his informed free will[,]" he should not be deprived of his "constitutional right to conduct his own defense").

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on November 18, 2008 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, August 25, 2011.

On the briefs:

Jack Schweigert,
for Defendant-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[6]   Tierney argues that his waiver of counsel was invalid because he was not fit to proceed to trial. We conclude above, however, that the district court did not abuse its discretion in finding Tierney fit to proceed to trial.